IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TONYA MURPHY                                                                                    PLAINTIFF

vs.                                        Civil No. 4:15-cv-04093

CAROLYN COLVIN                                                                                 DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Tonya Murphy ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff's application for DIB and SSI was filed on July 31, 2012.  (Tr. 25, 202-214). Plaintiff alleged she was disabled due to high blood pressure, carpal tunnel, diabetic neuropathy, and depression.  (Tr. 248).  Plaintiff alleged an onset date of July 25, 2012.  (Tr. 25, 248).  These applications were denied initially and again upon reconsideration.  (Tr. 25, 140-146, 151-155). Thereafter, Plaintiff requested an administrative hearing on her applications and this hearing request

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___"  The transcript pages for this case are referenced by the designation "Tr."

was granted.  (Tr. 156-157).

Plaintiff's administrative hearing was held on November 13, 2013.  (Tr. 45-81).  Plaintiff was present and was represented by counsel, Greg Giles, at this hearing.  *Id.*  Plaintiff and Vocational Expert ("VE") William Weber, testified at the hearing.  *Id.*  At the time of this hearing, Plaintiff was thirty-nine (39) years old, had graduated from high school and completed two years of college.  (Tr. 48-49).

On May 27, 2014, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB and SSI.  (Tr. 25-40).  In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2016.  (Tr. 27, Finding 1).  The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 25, 2012.  (Tr. 27, Finding 2).

The ALJ also determined Plaintiff had the severe impairments of diabetes mellitus; diabetic neuropathy; major depressive disorder; pain disorder; and obesity.  (Tr. 28, Finding 3).  The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 28, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC.  (Tr. 31-38).  First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the RFC to perform light work; not limited in pushing or pulling with the upper and lower extremities; no postural, manipulative, visual, communicative, or environmental limitations; retains the ability to learn, understand, remember, and carry out simple instructions and tasks; use judgment

in making work-related decisions; respond and relate appropriately with other, such as supervisor and co-workers; maintain attention and concentration for at least two-hour intervals; and adapt to and deal with simple changes in work setting and environments. (Tr. 31, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 38, Finding 6). The ALJ found Plaintiff was unable to perform her PRW. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 39, Finding 10). The ALJ based his determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as a cashier with approximately 2,200 such jobs in the region and 28,000 such jobs in the nation, ticket printer with approximately 800 such jobs in the region and 14,000 such jobs in the nation, and as a mail clerk with approximately 1,100 such jobs in the region and 18,000 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from July 25, 2012 through the date of the decision. (Tr. 40, Finding 11).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision. (Tr. 21). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-5). On September 24, 2015, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on September 24, 2015. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 8, 9. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g)

(2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

Plaintiff brings the present appeal claiming the ALJ erred: (A) by failing to find Plaintiff met a Listing, (B) in the RFC determination, and (C) in the weight given the opinions of Plaintiff's physician. ECF No. 8, Pgs. 3-16. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 9.

#### A. Listings

The ALJ must determine whether Plaintiff has a severe impairment that significantly limits the physical or mental ability to perform basic work activities. A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521 and 416.921.

The ALJ found Plaintiff did suffer from impairments considered to be severe within the meaning of the Social Security regulations. These impairments included diabetes mellitus, diabetic neuropathy, major depressive disorder, pain disorder, and obesity. (Tr. 28, Finding 3). However,

there was no substantial evidence in the record showing Plaintiff's condition was severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments. *See* 20 C.F.R. pt. 404, subpt. P, app.1. Plaintiff has the burden of establishing that her impairment(s) meet or equal an impairment set out in the Listing of Impairments. *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990). Plaintiff has not met this burden.

Plaintiff argues she meets Listing 1.02 and 11.14 as a result her peripheral neuropathy symptoms in her feet. ECF No. 8, Pgs. 3-12. To meet Listing 1.02, Plaintiff must have a major dysfunction of a joint with clinical evidence of joint space narrowing, bony destruction, or ankylosis, with either:

A. Involvement of one major peripheral weight-bearing joint (i.e., hip, knee or ankle), resulting in inability to ambulate effectively, or

B. Involvement of one major peripheral joint in each upper extremity (i.e.,shoulder, elbow, or wrist-hand), resulting in inability to perform fine and gross movements effectively.

An "inability to ambulate effectively" is an extreme limitation of the ability to walk, i.e., an impairment that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is having insufficient lower extremity functioning to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00B2b(1). To ambulate effectively, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living, and they must be able to travel without companion assistance to and from a place of employment or school. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00B2b(2). Examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability

to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail. *Id*.

To support the argument that she meets Listing 1.02, Plaintiff refers to medical records showing complaints of pain and swelling in her feet, and being diagnosed with peripheral neuropathy. ECF No. 8, Pgs. 3-7. However, there is no medically acceptable imagining evidence Plaintiff had a gross anatomical deformity of any major peripheral weight-bearing joint or a joint in each upper extremity. Further, Plaintiff has failed to establish she is unable to ambulate effectively. Plaintiff has no evidence she has to use a walker, two crutches, or two canes to walk, or that a physician prescribed these items.

Plaintiff also alleges she meets Listing 11.14 based on her peripheral neuropathy. To meet Listing 11.14, Plaintiff must have peripheral neuropathies with disorganization of motor function as described in 11.04B, in spite of prescribed treatment. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 11.14. Listing 11.04B requires significant and persistent disorganization of motor function in two extremities, resulting in sustained disturbance of gross and dexterous movements, or gait and station.

In support of her argument that she meets Listing 11.14, Plaintiff refers to medical records regarding complaints of foot pain due to peripheral neuropathy symptoms. However, some of these same records show Plaintiff's foot pain was as a result of calluses. (Tr. 17, 19, 388-389). As for her difficulty walking, Plaintiff testified her use of a cane was not prescribed by a doctor and is only used for "security reasons." (Tr. 53). Additionally, records from Dr. Michael Saldino, indicate Plaintiff tries to walk two to three times a week. (Tr. 379).

Whether Plaintiff meets a listed impairment is a medical determination and must be established by medically acceptable clinical and laboratory diagnostic techniques. *See* 20 C.F.R. §§

7

404.1525(c), 404.1526(b), 416.925(c), 416.926(b).  Plaintiff has not met this burden.  I find substantial evidence supports the ALJ's determination that Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app.1.

### B. RFC

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC.  *See* 20 C.F.R. § 404.1520(a)(4)(iv).  This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace.  *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004).  The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)).  The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC.  *See Cox*, 160 F.3d at1206;  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination.  *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001).  Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole.  *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC to perform light work; not limited in pushing or pulling with the upper and lower extremities; no postural, manipulative, visual, communicative, or environmental limitations; retains the ability to learn, understand, remember, and carry out simple instructions and tasks; use judgment in making work-related decisions; respond and

relate appropriately with other, such as supervisor and co-workers; maintain attention and concentration for at least two-hour intervals; and adapt to and deal with simple changes in work setting and environments. (Tr. 31, Finding 5). Plaintiff argues the ALJ erred in this RFC determination. ECF No. 8, Pgs. 7-12. However, substantial evidence supports the ALJ's RFC determination.

To begin with, Plaintiff testified the main reason she is unable to work is due to foot pain and swelling. (Tr. 69). However, Plaintiff also testified that at the time she was working, she already had the peripheral neuropathy symptoms. Medical record from Dr. Dale Goins show Plaintiff complained of pain and burning on the bottom of her feet prior to her alleged onset date of July 25, 2012. (Tr. 295-298). Dr. Goins diagnosed Plaintiff with peripheral neuropathy and prescribed medication. *Id.*

Additionally, Plaintiff testified she stopped working on July 25, 2012, ( her alleged onset date) because a new company took over the hospital and terminated her employment, not that she stopped working due to a disability. (Tr. 50).

Further, Plaintiff's treatment records support the ALJ's RFC assessment that Plaintiff can perform light work. Dr. Goins' records indicate Plaintiff was using over the counter medication and his records do not contain any limitations that would prevent Plaintiff from performing light work. (Tr. 33, 325-333, 352, 375-377). Also, Dr. Saldino indicated Plaintiff was grossly normal; no signs of arthritis or degenerative findings; normal range of motion; and normal strength. (Tr. 380).

As shown by the above medical evidence, substantial evidence supports the ALJ's RFC determination. The ALJ properly accounted for any limitations that were supported by Plaintiff's medical record. Plaintiff has the burden of establishing her claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met her burden in this case and because the ALJ's RFC determination is

supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

### C. ALJ's Treatment of Treating Physician Opinions

Social Security Regulations and case law state that a treating physician's opinion will be granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. § 404.1527(d)(2)).  An ALJ is required to give good reasons for the particular weight given to a treating physician's evaluation. *See Prosch*, 201 F.3d at 1013 (citing 20 C.F.R § 404.1527(d)(2), and SSR 96-2p).  An ALJ may disregard the opinion of a treating physician only where other medical assessments "are supported by better or more thorough medical evidence," or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions. *Id.* at 1013 (quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)).

Plaintiff argues the ALJ improperly discredited the findings of Dr. Dale Goins in assessing Plaintiff's RFC.  ECF No. 8, Pgs. 12-16.  However, Plaintiff's argument is without merit.

On April 13, 2013, Dr. Goins prepared a Medical Opinion Regarding Plaintiff's Ability To Do Work-Related Activities (physical) form. (Tr. 320-323).  According to this form, Dr. Goins found Plaintiff had several severe limitations including can lift a maximum of 10 lbs., can only stand two hours in an eight hour day limited to 15 minuets at a time, will require, more than the normal break time, can never stoop, crouch, kneel, or crawl, and will miss more than three times a month of work due to impairments. *Id.*

In this matter, the ALJ gave "very little weight" to this assessment. (Tr. 38).  However, the

ALJ did state the reasons for the particular weight given to this evaluation. *Id.* In discussing Dr. Goins' opinions, the ALJ found as follows:

> There is no basis to find that the claimant cannot frequently lift or carry any weight as her objective findings have been largely normal. The extent of the standing/walking limitations are not supported by the overall record, and there is no basis, aside from the claimant's subjective allegations, for any sitting restrictions. The claimant has had almost no objective findings related to her upper extremities, and therefore, the manipulative limitations are not supported. I also find that the postural and environmental limitations are unsupported given the lack of objective findings to support these reported limits. The entirety of Dr. Goins' opinion seems to be based on the claimant's subjective allegations. Additionally, he has purportedly based his limitations on two diagnoses that are largely absent from the record. There are no diagnostic tests that establish any osteoarthritis in the record, and Dr. Goins' records do not reflect any ongoing issues with this impairment. Additionally, he has never diagnosed the claimant with fibromyalgia, instead, relating her pain to her diabetic neuropathy. There are no mentions of any tender points examinations, consistent reports of fatigue, or any other means to establish a diagnosis of fibromyalgia under the appropriate criteria.

(Tr. 38).

The ALJ properly decided to give less than significant weight to the restrictive limitations found by Dr. Goins. The ALJ committed no error in his treatment of medical opinions from Plaintiff's physician.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **4th day of August 2016.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE